MARY BROWN AND DAVID McWILLIAMS, Administrators, *v.* RUTH HILL.

Where A. and B. took out letters of administration in vacation of the probate court upon the estate of C., deceased, on the 28th of October, 1844, and D. presented a claim to the administrators on the 16th of May, 1845, but the claim was not examined and allowed by the probate court until the 29th of April, 1846 ; but on the 7th of August, 1848, the administrators moved the probate court to revoke the letters of administration which had been granted to them in vacation, which was done, and letters granted to them on said estate at that term of the court, and suit was commenced by D. on the 13th of February, 1851, upon his claim:— *Held*, that A. and B. are estopped from denying the validity of the letters of administration which they urged the court to make upon the facts they presented.

The statute of limitations, in such a case, commences to run from the date of the last grant of letters of administration.

Notice of a claim against an estate is equivalent to an actual presentment to the executor or administrator.

IN error from the circuit court of Kemper county; Hon. John Watts, judge.

Ruth Hill sued Mary Brown, administratrix, and David McWilliams, administrator of the estate of Jacob K. Brown, de-

ceased, in the circuit court of Kemper county, upon a writing obligatory made by the deceased, payable eighteen months after date.

The case is brought into this court upon an agreed state of facts, which will be found set forth in the opinion of the court.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiffs in error were sued in the court below, as administratrix and administrator of the estate of Jacob K. Brown, deceased, upon a writing obligatory made by the intestate, on the 2d of October, 1839, and payable eighteen months after date. Judgment was rendered upon an agreed state of facts for the plaintiffs below, from which the defendants prosecuted a writ of error to this court.

The facts as agreed are as follows: That letters of administration were granted by the judge of the probate court of Kemper county, to the plaintiffs in error, in vacation, on the 28th of October, 1844, on the estate of Jacob K. Brown, deceased; that publication of the grant of said letters was duly and legally made; that the writing constituting the foundation of the suit was presented on the 16th of May, 1842, to McWilliams; that it was presented to the judge of the probate court on the 29th of April, 1846, who examined and allowed the same in vacation; that on the 7th of August, 1848, the plaintiffs in error moved the court to revoke the letters of administration granted to them in vacation, and to grant them letters in term time, which motion was sustained, and the letters accordingly granted. The suit was commenced on the 13th of February, 1851. No presentment of the claim appears to have been made to the administrators after the last grant of letters of administration.

Upon this state of facts the counsel for the plaintiff in error have assigned the following errors, to wit: —

"1. That the statute of limitations of four years had perfected a bar.

"2. If not, the claim was not presented to the defendant within the time limited by law.

"3. That it was not probated and recorded according to law."

Brown et al. *v.* Hill.

It is argued that the letters of administration granted to the plaintiffs in error, by the probate judge, in vacation, in October, 1844, were valid, all parties concerned having acquiesced in the grant, and that, therefore, the statute of 1844 constitutes a bar to the action. Hutch. Code, 831, § 12.

In reply to this argument, it is only necessary to state that the administrators themselves moved the court to declare their letters void, and to grant them letters in term time; all which the court appears to have done at their instance. It is, therefore, not required of us to state, on the present occasion, what weight we should give to this argument, if made on behalf of persons differently situated. The parties are estopped to deny the validity of the grant which they urged the court to make, and which was made upon a state of facts which they themselves brought to the knowledge of the court. The statute of limitations, beginning to run only from the date of this last grant, forms no bar to the action. 2. It is argued, that, as the grant of letters in vacation was void, and as the claim was only presented to McWilliams, while acting under this void grant, and not after the regular grant of letters, the claim is barred by the statute requiring all claims against estates to be presented within two years from publication, for that purpose.

Notice of a claim against an estate is equivalent to an actual presentment. The regular grant of letters of administration could in no manner affect or impair the memory of the administrator touching transactions while acting under the void letters. 3. The third ground of error has been repeatedly decided by this court during the last two years. It is no defence to the suit.

Judgment affirmed.